IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD NEWTON (TDCJ No. 1299706), | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:14-cv-4417-D-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Ronald Newton filed a 28 U.S.C. § 2254 habeas application in the United States District Court for the Eastern District of Texas, Beaumont Division, which that court transferred to the Dallas Division of this Court pursuant to 28 U.S.C. §§ 2241(d) and 1404(a). *See* Dkt. Nos. 1-9. Petitioner has now filed an amended petition on this Court's form [Dkt. No. 14]. And, for the reasons stated below, Petitioner's amended application, which is successive, should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

In 2005, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 25 years imprisonment. His conviction and sentenced were affirmed on direct appeal, *see generally Newton v. State*, No. 05-05-00624-CR, 2006 WL 1529708 (Tex. App – Dallas June 6, 2006, no pet.), and his state habeas application was denied without written order on the findings of trial court, *see generally Ex parte Newton*, WR-

51,952-03 (Tex. Crim. App. Jan. 14, 2009).

This is also not Petitioner's first time before this Court. In 2010, this Court denied Petitioner's federal habeas application, which asserted claims that (1) he received ineffective assistance of counsel at trial and on appeal and (2) the evidence in support of his conviction was legally and factually insufficient. *See generally Newton v. Thaler*, No. 3:09-cv-489-G, 2010 WL 2605255 (N.D. Tex. May 20, 2010), *rec. adopted*, 2010 WL 2605363 (N.D. Tex. June 25, 2010). This Court and, subsequently, the Fifth Circuit denied Petitioner a certificate of appealability. *See id.*; *Newton v. Thaler*, No. 10-10757 (5th Cir. Jan. 26, 2011).

Through the petition now before the Court, Petitioner attacks alleged defects with the grand jury proceedings and his resulting indictment, *see id.* at 6-7, and also relates that, since he was last before this Court, he filed a second state habeas application, which the Texas Court of Criminal Appeals denied on October 26, 2011, *see id.* at 4 (citing *Ex parte Newton*, WR-51,952-04).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of

>> constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, which this one is, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE